# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-08290-DOC-SK | Date | November 20, 2017 |
|---|---|---|---|
| Title | Christopher Terrell Dickson v. W. J. Sullivan, Warden | | |

Present: The Honorable  Steve Kim, U.S. Magistrate Judge

| Marc Krause | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

On November 14, 2017, Petitioner constructively filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1997 convictions for robbery, sexual battery, and rape. (Pet., ECF No. 1). On its face, the Petition appears untimely, procedurally defaulted, unexhausted, and impermissibly second and successive.[1] Therefore, Petitioner is ordered to show cause why the Petition should not be summarily dismissed on any or all of these grounds.

First, the Petition is facially untimely by 17 years. On direct appeal, the California Supreme Court denied review on August 11, 1999, and because Petitioner did not file a petition for certiorari to the U.S. Supreme Court, his conviction became final 90 days later, on November 9, 1999, at the expiration of the time for filing for a petition for certiorari. (Pet. at 3). From that date, Petitioner had one year – by no later than November 9, 2000 – in which to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). No statutory tolling appears available because Petitioner did not file his first state habeas petition until after 2001. *See* 28 U.S.C. § 2244(d)(2). Even if "properly filed" under California law, that state habeas petition and any filed thereafter could not revive or reinitiate the federal limitations period that ended in 2000. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, the Petition appears barred as untimely, unless Petitioner can demonstrate that he is entitled to delayed commencement of the limitations period under § 2254(d)(1) or equitable tolling.

Second, the Petition is facially foreclosed by procedural default. In the last state court decision on Petitioner's most recent round of state collateral review, the California Supreme Court denied the petition with citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), on the ground that the petition was untimely, and to *In re Clark* 5 Cal. 4th 750, 767–69 (1993), on the ground that the petition was successive. Federal courts may not reach an alleged violation of federal law on habeas review if the state court's decision rests on an independent and adequate state procedural ground, unless the prisoner can demonstrate cause for the

---

[1] The Court takes judicial notice of the public records of Petitioner's direct appeals, state habeas petitions, and prior federal habeas petition. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-08290-DOC-SK | Date | November 20, 2017 |
|---|---|---|---|
| Title | Christopher Terrell Dickson v. W. J. Sullivan, Warden | | |

procedural default and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). *In re Clark*'s bar on successive petitions has been treated as an independent and adequate state ground, prohibiting federal habeas review, *see, e.g., Briggs v. State*, No. 15-CV-05809-EMC, 2017 WL 1806495, at *6 (N.D. Cal. May 5, 2017), as has *In re Robbins*, *see Walker v. Martin*, 562 U.S. 307, 315–320 (2011) (adequate); *Bennett v. Mueller*, 322 F.3d 573, 582–83 (9th Cir. 2003) (independent). Thus, the Petition appears procedurally defaulted, unless Petitioner can show cause for the default and actual prejudice.

Third, it is clear from the face of the Petition that Petitioner has not exhausted his remedies in state court for each claim raised. A federal court may not grant habeas relief to a person held in state custody, unless he has exhausted available state court remedies by fairly presenting his federal claims to the California Supreme Court. *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The Petition appears to contain both exhausted and unexhausted claims, rendering it "mixed" and subject to mandatory dismissal as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 518–22 (1982).

Finally, the Petition is facially precluded by the bar to second-and-successive federal petitions. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner previously filed a federal petition in 2002 (*see* Case No. 2:02-cv-04747), which was denied by this Court as untimely in 2003, after which the Ninth Circuit denied a certificate of appealability in 2003 (*see* Case No. 03-56317) and a request to file a second and successive petition in 2005 (*see* Case No. 04-74134). Because Petitioner previously sought federal habeas relief under § 2254 and the claims in the Petition could have been brought in that first petition, he must obtain authorization from the Ninth Circuit before filing a second and successive petition in federal court. Petitioner does not allege that he has obtained such authorization, and indeed the record reflects that the Ninth Circuit has previously denied such authorization. Thus, the Petition appears to be an impermissible second and successive petition that divests the district court of jurisdiction.

THEREFORE, Petitioner is **ORDERED TO SHOW CAUSE** on or before **December 21, 2017** why this action should not be dismissed as untimely, procedurally defaulted, unexhausted, and/or improperly second and successive. If Petitioner is unable to demonstrate that the Petition is timely, not procedurally defaulted, and authorized by the Ninth Circuit, the Petition may be summarily dismissed. Even if Petitioner can overcome those grounds for dismissal, he must also show that each of his claims is exhausted, or he must either exhaust all claims in state court or proceed only with the exhausted claims. **Failure to file a timely response to this Order to Show Cause may also result in dismissal of this action for failure to prosecute.** *See* Fed. R. Civ. P 41(b); L.R. 41-1. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal."